UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

JEROME GREENBERG,

                Plaintiff,

  v.                                                                       Civil Action No._____

CAVALRY PORTFOLIO SERVICES, LLC,

                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendant transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Jerome Greenberg, Plaintiff, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3)

5. Defendant, Cavalry Portfolio Services, LLC is foreign limited liability company, and is a debt collector as defined by 15 U.S.C. § 1692A(6).  The New York State Department of State indicates a registered address for service of process as CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

6. Defendant regularly attempts to collect debt alleged to be due to another.

7. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of the actual or apparent authority.

8. All references to "Defendant" shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. The Plaintiff, Jerome Greenberg, is a man in his mid 80s.  His primary source of income is social security.  He does work part-time at a pharmacy mainly for socialization purposes.

10. Notwithstanding his age, Mr. Greenberg was recently married in early 2011.  Accordingly, he moved into the home of his new bride.  Shortly thereafter, he began receiving telephone messages from the Defendant at his new home.  He was very distraught that his new bride learned of his debts when she overheard the messages.

11. On July 14, 2011, written correspondence was mailed to the Defendant by the Plaintiff's attorney.  Said correspondence stated, in part, the following:

> Please be advised that I represent Mr. Jerome Greenberg in connection with your company's violations of the Fair Debt Collections Practices Act.  You are advised to direct any future communication regarding this account, or any other account of my client, to me.  You should cease all contacts with my client immediately pursuant to 15 U.S.C. 1692a(2) and 1692c(c)……  Recently, a representative from Cavalry Portfolio Services, LLC left a telephone message on the answering machine at the home of Mr. Greenberg's recent bride.  Mr. Greenberg has informed me that family members of his brand new family overheard the message….This revelation to brand

new family members has caused my client tremendous emotional distress. Given Mr. Greenberg's age and failing health, any new violations will certainly aggravate the emotional distress…. It is also significantly important to note that this office has sent Bank of America multiple notices over the past three years, advising it that our client was elderly, on social security, in possession of no assets, and in poor health.

12. On or about August 23, 2011, the Defendant again contacted the Plaintiff directly. Initially, "Mischa" was on the telephone call. She then transferred the telephone call to "Mindy Nutter."

13. Plaintiff immediately contacted his attorney as to inquire as to why Defendant contacted the Plaintiff, notwithstanding written notice directing the Defendant to cease any further communication with the Plaintiff and advising Defendant that Plaintiff was represented by counsel.

## CAUSE OF ACTION

14. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

15. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   A. Defendants violated 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff after it was made aware of the fact that Plaintiff was represented by an attorney with respect to such debt and had knowledge of such attorney's name and address.

   B. Defendants violated 15 U.S.C. § 1692c(c) contacting the Plaintiff after it had received written notice by Plaintiff's attorney demanding that further communication with respect to the debt cease.

16. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  August 24, 2011

s/ Brad J. Davidzik
Brad J. Davidzik, Esq.
Attorney for Plaintiff
Jeffrey Freedman Attorneys at Law
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com